Bernard J. DOLENZ, M.D., Appellant,

v.

ALL SAINTS EPISCOPAL HOSPITAL, Appellee.

No. 2–81–044–CV.

Court of Appeals of Texas,
Fort Worth.

July 1, 1982.

Rehearing Denied Sept. 9, 1982.

Michener, Swindle, Whitaker, Pratt & Mercer and Mack Ed Swindle and Ragan S. Tate, Fort Worth, for appellants.

Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HUGHES, JJ.

## OPINION

MASSEY, Chief Justice.

Bernard J. Dolenz, as plaintiff, brought suit against All Saints Episcopal Hospital prior to March 14, 1978. On that date Dolenz filed his First Amended Petition in which he sought mandatory injunctive relief by a writ "restraining All Saints staff, servants, agents and employees from rescinding Plaintiff's staff privileges, until a final hearing; (2) That on final hearing thereof Defendant, All Saints whose agents, servants and employees be permanently enjoined . . .". He also sought $100,000.00 for "slanderous and untrue remarks made by agents of All Saints Hospital that have been communicated . . .".

Following a March 31, 1978 hearing on All Saint's motion for partial summary judgment to deny Dolenz injunctive relief, a partial summary judgment was rendered and entered in denial of the Dolenz claim therefor on May 2, 1978.

Subsequently Dolenz' pleadings were twice amended. Afterward trial was held on his cause of action for damages for slander, beginning August 10th, 1981. This trial was on Dolenz' Third Amended Original petition. In that amended pleading Dolenz neither alleged circumstances by which he might have founded a claim for injunctive relief nor did he pray for such form of relief. A result is that on August 10th, 1981 Dolenz is to be treated as having abandoned his prior suit for injunction.

At the conclusion of Dolenz' case in chief, defendant All Saints moved for instructed verdict or withdrawal of the case from the jury and for rendition of a take nothing judgment. The court granted the motion and rendered such a judgment on August 24, 1981. By recitations of the judgment it was held that the evidence tendered presented no case for slander against All Saints; and, if the evidence did prove slanderous statements chargeable against said defendant, that there was no slander which was slanderous *per se*; and that there was no proof of damages. The take nothing judgment also recited the fact of the rendition and entry of the earlier partial judgment. Therefrom Dolenz appealed.

We affirm the judgments by the trial court. This we do because we hold Dolenz abandoned his claim for injunctive relief, and because there was no evidence which required submission of any special issue inquiring as to existence of any defamation or any conspiracy to defame plaintiff Dolenz as charged in the amended pleading on which he announced ready for trial.

On Dolenz' abandonment of his claim for injunctive relief the law is correctly stated in McDonald, Texas Civil Practice, Revised, in Chapter VIII, "Supplemental & Amended Pleadings", sec. 8.01.3, "(Definitions and Distinctions)—B. Function of Amended Pleading", and sec. 8.10., "(Amended Pleadings. A. Right to Amend) —E. Status of Superseded Pleadings and of Replies Thereto". In a situation such as presented an amended pleading supplants the instrument amended and that which it amends is no longer proper to be considered part of the trial record. We hold that prior to time of the trial begun August 10th, 1981, by operation of law, Dolenz had abandoned his suit for injunctive relief, permanent as well as temporary, and his cause of action did not then embrace any claim therefor. In Dolenz' appeal from the judgment of August 24, 1981 he could not complain of the adjudication upon his original plea for injunction because his cause of action therefor had been abandoned when he went to trial on his Third Amended Original Petition.

Dolenz' appeal as applied to his charge of conspiracy and slander by All Saints is concluded to be without merit because it did not present any reversible error by the judgment that he take nothing. As a corporation, All Saints could not be guilty save by acts for it through agents. No slander, nor conspiracy to accomplish slander, was proved as applied to any employee or agent—acting within the scope and course of his capacity as agent, or in furtherance of the interests of All Saints as his principal. Neither were any statements Dolenz deemed slanderous as made by All Saint's employees and agents referable to or in discharge of any duty owed to All Saints as principal. Further, even should we attribute the remarks charged to amount to an accomplished slander (by any employee or agent, acting within his capacity as such, with the same heard only by another employee or agent of All Saints acting in like capacity) the remarks proved as made and heard could only have operated to prove that All Saints had conspired with itself. This would not amount to evidence of conspiracy. This was the nature of the evidence upon which Dolenz relies.

Finally, we hold the nature of the remarks charged to be slanderous, even should they be treated as amounting to a slander, would not qualify to be slander *per se*, or within themselves, so that injury to Dolenz would be presumed to have resulted. By the remarks was no defamation of Dolenz' character by imputation of crime or, as applied to the situation in this case, calculated to affect him injuriously in his medical practice. Continuing in our treatment of the remarks as amounting to slander, they could have amounted to no more than slander *per quod*, i.e. words communicated to third persons which would be actionable only because of damages proved to have resulted. By such treatment and hypothesis it would be necessary for Dolenz to go further with his proof and show that he suffered injury thereby proximately caused, as by proof of diminishment in his earnings, etc. Dolenz tendered no proof on any such damages; and as applied to damages attempted to be proved there was absence of proof of any causal connection. Indeed, it was not shown that any hearer of the words deemed slanderous understood them to be defamatory while there is evidence from one who heard them that they did not cause him to doubt Dolenz' professional ability or his standing as a physician.

Affirmed.