**RADELOW–GITTENS REAL PROPERTY MANAGEMENT, Appellant,**

v.

**PAMEX FOODS d/b/a Pancho's Mexican Foods, Appellee.**

No. 05–86–01136–CV.

Court of Appeals of Texas, Dallas.

July 14, 1987.

Rehearing Denied July 23, 1987.

Keith A. Glover, Dallas, for appellant.

Dudley Chambers, Frank C. Vecella, Dallas, for appellee.

Before DEVANY, BAKER and McCRAW, JJ.

ON MOTION FOR REHEARING

DEVANY, Justice.

Our opinion dated June 16, 1987, is hereby withdrawn. The following is now our opinion.

This is a suit involving fire damage to real property that was owned by Radelow-Gittens Real Property Management, and leased to Pamex Foods d/b/a Pancho's Mexican Foods. The lawsuit was originally brought against Pamex by Glenn Grant

Company and Sleep Shop d/b/a Slumberland, whose property was also damaged by the fire. Radelow-Gittens, the landlord, intervened and assumed the posture of a plaintiff; it then brought in Texas Fire & Safety, Inc. as a third party defendant. After Pamex answered, it filed a motion for partial summary judgment, contending that the lease agreement between Pamex and Radelow-Gittens required Radelow-Gittens to repair the premises at its sole expense. The trial court agreed and granted partial summary judgment in favor of Pamex. That judgment stated that Radelow-Gittens' claim against Pamex was barred by the lease agreement. Radelow-Gittens subsequently filed a second and, later, a third amended petition; neither of these amended petitions contained any claim against Pamex despite the fact that each continued to use the style of the case, including the name Pamex. Radelow-Gittens proceeded to trial solely against the remaining defendant, but a judgment against Radelow-Gittens disposed of that last defendant. At that point all issues in the lawsuit were disposed of, hence, all prior orders by the trial court became final. *Runnymede Corporation v. Metroplex Plaza, Inc.*, 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd).

Radelow-Gittens now appeals from the partial summary judgment which was granted in favor of Pamex prior to the filing of the second and third amended petitions. In three points of error, Radelow-Gittens claims that the trial court erred in granting Pamex's motion for partial summary judgment because (1) Pamex was not a co-insured under the fire insurance policy referenced in the lease agreement; (2) even if Pamex were a limited or a special insured, then Pamex is only an insured to the extent of its leasehold and personal property interest; and (3) the lease agreement attached to the motion for partial summary judgment was not sworn to or certified as required by the Texas Rules of Civil Procedure. The third point of error was abandoned by Radelow-Gittens' counsel in oral argument before this court because the lease agreement attached to the motion had been stipulated to by the parties as a true and correct copy of the agreement.

In its first counterpoint, Pamex argues that Radelow-Gittens cannot complain of the granting of the partial summary judgment in favor of Pamex because Radelow-Gittens abandoned its claims against Pamex when it amended its pleadings. We agree and dismiss the appeal.

An amended pleading supercedes and supplants all previous pleadings. TEX.R.CIV.P. 65; *Johnson v. Coca-Cola Company*, 727 S.W.2d 756, 758 (Tex.App.—Dallas 1987, no writ). For example, when a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered. *Jauregui v. Jones*, 695 S.W.2d 258, 261 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). When Radelow-Gittens proceeded to trial on its third amended petition, at that point in time, it had abandoned all of its prior claims against Pamex under the first petition. *Dolenz v. All Saints Episcopal Hospital*, 638 S.W.2d 141, 142 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In *Dolenz*, a doctor sued a hospital for slander, seeking injunctive relief and money damages. The hospital moved for partial summary judgment on the claim for injunctive relief. The trial court granted the hospital's motion, and entered judgment against the doctor denying his claim for injunctive relief. After this order, the doctor twice amended his pleadings. The doctor then proceeded to trial on his third amended original petition. In that petition, he alleged no circumstances upon which injunctive relief could be granted, and his prayer did not request injunctive relief. At trial, the doctor also lost on his slander claim. The doctor then appealed on both the injunctive relief and the damages claim. The Fort Worth Court of Appeals held that the doctor had abandoned his claim for injunctive relief when he proceeded to trial on his third amended original petition. The *Dolenz* court stated: "[i]n a situation such as presented an amended pleading supplants the instrument amended and that which it amends is no longer proper to be considered part of the trial record." 638

S.W.2d at 142. On appeal, the doctor could not complain of the trial court's action upon his original plea for injunction because that cause of action was abandoned when he went to trial on his third amended original petition. 638 S.W.2d at 142.

We agree with the reasoning of the *Dolenz* court and are persuaded that it applies to the instant case. When Radelow-Gittens amended its petition, it abandoned all claims against Pamex and waived error, if any, by the trial court in rendering the summary judgment for Pamex.

Another case which is analogous is *Chamberlain v. McReight,* 713 S.W.2d 372 (Tex.App.—Beaumont 1986, writ ref'd n.r. e.). In *Chamberlain,* the plaintiff sued a corporation and an officer of the corporation, individually. In an amended pleading, the plaintiff omitted the officer's name *only in the complaint paragraph.* The officer's name was left in the style of the petition, and it was alleged that he had been served. Nevertheless, on appeal, the court held that the officer had been dismissed from the lawsuit. 713 S.W.2d at 373–74. We are persuaded that Radelow-Gittens effectively dismissed Pamex from the lawsuit *at the point* when it amended its pleadings and omitted all claims of liability against Pamex.

Therefore, we hold that Radelow-Gittens may not now complain on appeal of the trial court's action in granting the motion for partial summary judgment in favor of Pamex. *Dolenz,* 638 S.W.2d at 142. In light of this holding, we need not address Radelow-Gittens' points of error. The last judgment by the trial court was a judgment against Radelow-Gittens in favor of Texas Fire and Safety, Inc., which disposed of the remaining issues and parties in the case. As stated above, that judgment was based upon Radelow-Gittens' third amended petition, which was focused entirely on Texas Fire and Safety, Inc. Pamex was no longer a party to the lawsuit at the time of the final judgment. In fact, the style of the final judgment reads: Radelow-Gittens Real Property Management v. Texas Fire & Safety, Inc.

Interlocutory judgments by the trial court are merged into the final judgment and thus become final for purposes of appeal, whether or not the interlocutory judgment is specifically named within the final judgment. *Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1972); *Runnymede Corporation v. Metroplex Plaza, Inc.,* 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd). In the instant case, when the trial court entered its final judgment, the summary judgment in favor of Pamex became final and appealable. However, because Radelow-Gittens abandoned its claims against Pamex after the summary judgment was rendered, Radelow-Gittens waived error, if any, committed by the trial court in rendering that summary judgment. Therefore, Radelow-Gittens may not now appeal the summary judgment concerning those claims. Furthermore, the summary judgment in favor of Pamex operates as a bar to Radelow-Gittens asserting those same claims against Pamex because of res adjudicata. *See Person v. Latham,* 582 S.W.2d 246, 250 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). We recognize that Radelow-Gittens could have pursued its right to appeal if it had not abandoned its claims against Pamex. For example, if Radelow-Gittens had filed a supplemental pleading, instead of an amended pleading, containing its new claims against Texas Fire and Safety, Inc., the claims against Pamex would have been preserved. Therefore, we hold that Radelow-Gittens waived error, if any, by the trial court in rendering the summary judgment for Pamex and, consequently, waived its right to appeal.

The appeal is dismissed.