Gayle A. DIREKLY, Individually and a/n/f of Krystal Direkly and Kenneth Direkly, Minors, Appellants,

v.

ARA DEVCON, INC. d/b/a Thomas Care Center, Appellee.

No. 01–92–01290–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1993.

Rehearing Denied Dec. 12, 1993.

D. John Leger, Dale Jefferson, Houston, for appellants.

Phillip C. Summers, Diane M. Guariglia, John T. Polasek, Lorance & Thompson, P.C., Houston, for appellee.

Before MIRABAL, COHEN and HEDGES, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a take-nothing summary judgment granted in favor of appellee, ARA Devcon d/b/a Thomas Care Center. We affirm.

On April 3, 1989, Debra Lynn Wodtke was killed in a collision with appellants' car. Wodtke was on her way home from Mike Scott's house. Appellants allege her trip to Mr. Scott's house was made to retrieve a briefcase containing some office papers she intended to work on later that evening.

On September 8, 1989, appellants sued Wodtke for injuries arising out of this accident. On March 18, 1991, appellants amended their petition, asserting new claims against Thomas Care, Wodtke's employer, based on a theory of respondeat superior.

On June 4, 1992, nearly 33 months after suit was originally filed, Thomas Care moved for summary judgment, contending that Wodtke was acting outside the course and scope of her employment with Thomas Care when the accident occurred. Appellants responded on June 19, 1992, arguing that the evidence raised a fact issue regarding course and scope.

Four days before the hearing, appellants filed their fifth amended original petition, which added the new contention that Thomas Care was liable under the doctrine of vice-principal. Thomas Care's motion for summary judgment was granted on July 1, 1991 on all claims and causes of action asserted by appellants. It is from the summary judgment granted in favor of Thomas Care that appellants bring this appeal.

 In reviewing a summary judgment, we take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Moreover, every reasonable inference must be indulged, and every doubt resolved, in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). However, if the trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any theories advanced are meritorious. *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In their fifth amended original petition, appellants asserted that Thomas Care was liable for the acts of Wodtke under two agency theories—respondeat superior and vice-principal.[1]

---

1. Appellants filed their fifth amended petition only four days prior to the summary judgment hearing. Because this was less than seven days prior to the summary judgment hearing, appellants needed leave of court. Tex.R.Civ.P. 63. The record does not indicate that leave was denied. Therefore, we must presume it was grant-

Appellants contend a fact issue exists about whether Wodtke was acting within the course and scope of her employment. The test to determine an employer's liability for the acts of its employees is whether on the occasion in question, the master has the "right and power to direct and control [the servant] in the performance of the causal act or omission at the very instance of the act or neglect." *American Nat'l Ins. Co. v. Denke*, 128 Tex. 229, 95 S.W.2d 370, 373 (Tex.1936). In order to meet this test, the employee's act must (1) fall within the scope of the employee's general authority, (2) be in furtherance of the employer's business, and (3) be for the accomplishment of the object for which the employee was hired. *Chevron U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 355 (Tex.App.—El Paso 1993, no writ).

On the evening of the collision, Wodtke worked late at her office and then travelled to the residence of Mike Scott—a friend with whom she had spent the weekend. Her purpose was to retrieve a brief case that she had left at Mr. Scott's house earlier that morning. She then told Mr. Scott that she was going straight home to complete some work for her office. It was on her way home from Mr. Scott's house that the accident occurred.

Appellants contend that because Wodtke made a special trip to retrieve her briefcase, and because she intended to complete some office work when she got home, a fact issue on course and scope exists to preclude summary judgment. We disagree.

An employee generally is not in the course and scope of employment while driving a vehicle to and from his place of work. *London v. Texas Power & Light Co.*, 620 S.W.2d 718, 720 (Tex.Civ.App.—Dallas 1981, no writ). However, an exception to this general rule exists "where an employee has undertaken a *special mission* at the direction of his employer . . . ." *Chevron U.S.A., Inc.*, 847 S.W.2d at 356 (emphasis added). To be on a special mission, an employee must be under the control or acting in furtherance of the employer. *Id.*

Appellants cite two cases to support their claim that Wodtke was on a *special mission*

ed. *See Goswami v. Metropolitan Sav. & Loan*

and not simply on her way home at the time of the accident. Neither is persuasive. First, appellants rely on *Dictaphone Corp. v. Torrealba*, 520 S.W.2d 869 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), where a travelling salesman had an accident while leaving town for a business appointment. *Id.* at 871. There, the defendant-employer argued that because the salesman had taken a detour to cash a check, he was outside the course and scope of his employment. *Id.* The court disagreed and held that an employee's arrangement of the performance of his duties in a manner consistent with his personal convenience does not take him out of the scope of his employment. *Id.* at 872. Appellants argue that *Dictaphone* applies to Wodtke because she intended to work when she got home. This alone, however, is insufficient to keep Wodtke in the course and scope of her employment. To hold otherwise would mean that anyone who brings home her briefcase to do some work is within the course and scope of employment. This is not the law.

Second, appellants rely on *Best Steel Bldgs., Inc. v. Hardin*, 553 S.W.2d 122 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.). In *Best Steel*, two construction employees working in Austin were asked to drive to Houston to pick up some supplies. *Id.* at 126. The two workers lived near Houston. *Id.* at 125. When the two workers arrived, they were notified by their employer that the supplies were no longer needed. *Id.* at 126. They were given the choice to return either that night or the following morning. *Id.* The two workers left the following morning. *Id.* at 127. It was on their way back to Austin that the accident occurred. *Id.* There, the court held that the two workers were in the course and scope of their employment because they were on a *special mission* for their employer. *Id.* at 129. The court reasoned that "[i]t is elementary that *if an employee is instructed to go to a certain place* and return . . . he necessarily would be required to travel in both directions." *Id.* (emphasis added). Here, no such evidence exists.

*Ass'n*, 751 S.W.2d 487, 490–91 (Tex.1988).

Wodtke was not on a special mission. She was simply on her way home. No evidence shows her trip was a special mission undertaken at the direction of Thomas Care. Instead, the uncontroverted testimony of George Hutto, Wodtke's supervisor, establishes that Thomas Care did not have the right to control Wodtke while commuting to and from work. Moreover, on the night of the accident, Wodtke's destination and purpose were unknown and uncontrolled by Thomas Care. Therefore, Wodtke's trip to retrieve her briefcase was not actuated by Thomas Care, but instead by the fact that she had left her briefcase at Mr. Scott's home earlier that morning.

■ Appellants further contend that a fact issue exists regarding their claim that Thomas Care was liable under the agency theory of vice-principal. We hold appellants waived their theory of vice-principal.

■ To appeal from a summary judgment, the judgment must dispose of all parties and issues before the court. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). A summary judgment that does not dispose of all issues or parties is interlocutory. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). An interlocutory summary judgment is made final if the judgment severs the issues and parties that are left unadjudicated. *Teer,* 664 S.W.2d at 703.

Here, the summary judgment granted in favor of Thomas Care did not dispose of all issues and parties before the court. Thus, the judgment was interlocutory. *See Schlipf,* 644 S.W.2d at 454. There was no severance. Accordingly, the summary judgment did not become final until the trial court entered its final judgment on November 5, 1992 disposing of the entire case. When the final judgment was entered by the court, the interlocutory summary judgment in favor of Thomas Care merged into the final judgment. *See Webb v. Jorns,* 488 S.W.2d 407, 408–409 (Tex. 1972).

Appellants never requested a severance. Instead, appellants proceeded to trial against the remaining defendant, Harris County. Before trial, however, appellants again amended their pleadings. In doing so, appel-lants abandoned their vice-principal claim against Thomas Care, and asserted only their original claim of respondeat superior as set forth in their second, third, and fourth amended petitions. Therefore, because an amended pleading supersedes all previous pleadings, and because the interlocutory judgment granted in favor of Thomas Care merges into the trial court's final judgment, appellants have waived their right to argue the theory of vice-principal on appeal. *See Radelow–Gittens Real Property. Management. v. Pamex Foods,* 735 S.W.2d 558, 559 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

In *Radelow–Gittens,* the trial court granted summary judgment for one defendant, Pamex. *Id.* As here, no severance occurred. After the trial court's grant of summary judgment, and before trial, Radelow–Gittens filed an amended petition. *Id.* The petition dropped the claims against Pamex. *Id.* Radelow–Gittens proceeded to trial against the remaining defendant and lost. *Id.* After a final judgment was entered, Radelow–Gittens appealed the summary judgment granted in favor of Pamex. *Id.* The court of appeals dismissed the appeal, holding that Radelow–Gittens had dismissed Pamex from the lawsuit when it amended its pleadings. *Id.* at 560.

While *Radelow–Gittens* dealt with the abandonment of parties, the same rule has been applied to abandonment of claims after summary judgment. *Dolenz v. All Saints Episcopal Hosp.,* 638 S.W.2d 141, 142 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). In *Dolenz,* a doctor sued a hospital seeking injunctive relief and damages for slander. *Id.* The hospital moved for, and was granted, a partial summary judgment on the doctor's claim for injunctive relief. *Id.* Like appellants, after the summary judgment hearing, but before trial, the doctor amended his petition. *Id.* The amended petition omitted the claim for injunctive relief. *Id.* The case proceeded to trial on the single issue of slander. *Id.* Judgment was in favor of the hospital, and the doctor appealed. *Id.* On appeal, the court held that the doctor abandoned his claim for injunctive relief by omitting the claim from his amended petition. *Id.*

Here, had appellants severed the judgment in favor of Thomas Care, error, if any, on both agency theories advanced by appellants would have been preserved for appeal. They did not. Instead, they abandoned their claim of vice-principal before trial. Therefore, they waived that theory of liability.

Finally, appellants contend that trial court erred in denying their motion for continuance. Appellants failed to preserve this for appeal.

■ To preserve error on a trial court's refusal to grant a motion for continuance, the movant must obtain the trial court's ruling. *Lynch v. Bank of Dallas*, 746 S.W.2d 24, 25 (Tex.App.—Dallas 1989, writ denied); TEX. R.APP.P. 52(a). Appellant did not do so. No ruling on the motion is in the record. Thus, nothing is presented for review.

We overrule appellants' point of error.

This judgment is affirmed.