Hershel Helen McNamara, Individually and as Independent Executrix of the Estate of Paul Tom McNamara















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-063-CV

     HERSHEL HELEN McNAMARA,
     INDIVIDUALLY AND AS
     INDEPENDENT EXECUTOR OF THE
     ESTATE OF PAUL TOM McNAMARA,
                                                                         Appellants
     v.

     COY BLANN MATHIS, ET AL.,
                                                                         Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 97-1759-3
                                                                                                                
                                                                                                         
OPINION ON REHEARING
                                                                                                                

      Hershel McNamara filed a motion for rehearing, asserting that we were mistaken about the
status of the summary judgment evidence on the question of whether the driver of the vehicle,
Mathis, was acting in the course and scope of his employment with Limestone. We requested a
response from Limestone and, after further review, conclude that McNamara is correct. Thus,
we grant the motion for rehearing and issue this opinion.
      The parties urge different views of an exception to the “to and from work” rule. In Direkly
v. ARA Devcon, Inc., which we cited on original submission, the First Court of Appeals said: 
An employee generally is not in the course and scope of employment while driving a
vehicle to and from his place of work. London v. Texas Power & Light Co., 620 S.W.2d
718, 720 (Tex. Civ. App.—Dallas 1981, no writ). However, an exception to this general rule
exists "where an employee has undertaken a special mission at the direction of his employer
. . . .” Chevron U.S.A., Inc., 847 S.W.2d at 356 (emphasis added). To be on a special
mission, an employee must be under the control or acting in furtherance of the employer. Id.

866 S.W.2d 652, 654 (Tex. App.—Houston [1st Dist.] 1993, writ dism’d w.o.j.). McNamara
says the “special mission” exception is met when the employee is (1) under the control of the
employer or (2) acting in furtherance of the employer. Limestone says we should read the “or”
as an “and.”
      We do not decide that question. Rather, on further review we believe that we misapplied the
summary judgment standard which we set forth in the opinion, in that we failed to “accept as true
all evidence favorable to the non-movant” and failed to “resolve all doubts and indulge every
reasonable inference in favor of the non-movant.” Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); Delta Air Lines, Inc. v. Norris, 949 S.W.2d 422, 425 (Tex.
App.—Waco 1997, writ denied). For purposes of this opinion, having determined on original
submission that a fact issue exists on the issue, we assume that Mathis was an employee of
Limestone.
      McNamara points out in his motion for rehearing that the summary judgment evidence
supports an established procedure for Limestone’s drivers to turn in their tickets as a separate
function from the pickup and delivery of loads of materials. Furthermore, he says, most of the
tickets are turned in on Sunday, a non-work day, and the summary judgment evidence shows that
the event made the basis of this suit occurred on January 20, 1997, which was a holiday. Finally,
he points to Mathis’ statements to third parties that he was taking tickets to the office and to Mrs.
White’s deposition testimony that she was in the office at the time of the event.
      Applying the summary judgment standard by accepting as true all evidence favorable to the
non-movant, McNamara, and resolving all doubts and indulging every reasonable inference in his
favor, we hold that the summary judgment evidence creates a fact issue concerning whether Mathis
was acting in the course and scope of his employment. Direkly, 866 S.W.2d at 654; Nixon, 690
S.W.2d at 548-49; Delta Air Lines, Inc., 949 S.W.2d at 425.
      Having found in our opinion on original submission that an issue of fact exists about whether
Mathis was an independent contractor or an employee and finding on rehearing that a fact issue
exists about the course and scope of his employment, if he was an employee, we reverse the
summary judgment and remand the cause for trial.
      The judgment dated October 18, 2000, is withdrawn. Judgment dated January 10, 2001, is
substituted therefor.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Judgment reversed, cause remanded
Opinion delivered and filed January 10, 2001
Publish