Opinion issued October 6, 2005

















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00426-CV
____________

EARL AARON JR., Appellant

V.

MAGIC JOHNSON THEATRES, JOHNSON DEVELOPMENT CORP.
D/B/A CALIFORNIA JOHNSON DEVELOPMENT CORP., AND S & J
THEATRES INC., Appellees



 
On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2002-52165
 

 
 
MEMORANDUM OPINION
          Appellant, Earl Aaron Jr., challenges the trial court’s rendition of summary
judgment in favor of appellees, Magic Johnson Theatres, California Johnson
Development Corp. d/b/a California Johnson Development Corp., and S & J Theatres
Inc. (together “Magic”), in his premises liability suit. In five issues, Aaron contends
that the trial court erred in granting Magic’s no-evidence summary judgment motion
and in denying him an oral hearing on Magic’s summary judgment motion and his
motion requesting additional time to file an affidavit. 
          We affirm. 
Factual and Procedural BackgroundIn his first amended petition, filed on November 10, 2003, Aaron alleged that,
on October 20, 2000, while walking to his seat in a Magic movie theatre, he “tripped
on the stairs as a result of [Magic’s] negligence and defective condition of the
premises.” Aaron further alleged that, “a dangerous condition which posed an
unreasonable risk of harm existed on [Magic’s] premises which was a proximate
cause of the injuries, specifically the stairs were improperly lit and the stairs and
handrails were improperly designed.” He also alleged that Magic “failed to provide
adequate lighting of the area in question,” “failed to maintain and inspect said area,”
“failed to use due care in the design of the stairs and railings,” and “failed to warn
him of the unsafe conditions.” 
          On October 17, 2003, Magic filed a no-evidence summary judgment motion,
in which it asserted that Aaron could produce no evidence that (1) Magic breached
a duty to Aaron, or, in other words, failed to act as a reasonable owner or operator of
a movie theatre in creating an allegedly dangerous condition; (2) Magic had actual
or constructive knowledge of the allegedly defective condition; and (3) Magic
proximately caused Aaron’s injuries.



          In his response to Magic’s motion, filed on November 3, 2003, Aaron asserted
that Magic “used a summary judgment motion to circumvent special exception
practice.” On December 1, 2003, Aaron filed a second response to Magic’s no-evidence summary judgment motion, in which he asserted that (1) Magic breached
its duty to Aaron because, “[w]hile at the movie theatre, [Aaron] fell due i[n] part to
[Magic’s] failure to turn the lights on” and because the “lack of floor lights on [the]
steps create[d] a dangerous condition”; (2) Magic “had the required knowledge”
because Magic “created the dangerous [condition] in that [Magic] is the only one that
would have had control over whether the floor lights are turned on or turned off” and
because Magic “admit[s] that it is the possessor of the movie theatre”; and (3)
Aaron’s own testimony that “his rib was cracked coupled with his medical records”
and that “he did not experience pain until after the fall satisfies the element that
[Aaron’s] failure to turn the lights on in the theatre was the cause in fact of [Aaron’s]
injury.” Aaron also asserted that “a genuine issue of fact exists as to [Aaron’s] claim
of negligence and [p]remises liability and submits summary judgment evidence,
attached hereto, filed with this response and incorporated by such reference for all
purposes as if recited verbatim herein.” However, there is no evidence in the record
that Aaron attached any summary judgment evidence to his second response at the
time his second response was filed. Furthermore, in the second response, Aaron’s
counsel also requested a continuance in order to “obtain an affidavit” from Aaron,
“who is employed overseas and [counsel] needs additional time to forward and
receive mail from [Aaron] to file with summary judgment response.”
          On December 31, 2003, Aaron filed his own affidavit testimony and medical
records in response to Magic’s no-evidence summary judgment motion. Also on
December 31, 2003, the trial court, without specifying the grounds upon which it
relied, signed an order granting Magic’s summary judgment motion.


 
Standard of Review 
            To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s cause of action
or affirmative defense. Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp. v.
Reese, 148 S.W.3d 94, 99 (Tex. 2004); Flameout Design & Fabrication, Inc. v.
Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999,
no pet.). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Gen. Mills Rests., Inc. v. Tex.
Wings, Inc., 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). Although
the non-moving party is not required to marshal its proof, it must present evidence
that raises a genuine issue of material fact on each of the challenged elements. Tex.
R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
A no-evidence summary judgment motion may not properly be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact on the challenged elements. Ridgway, 135 S.W.3d at 600. More than
a scintilla of evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). When reviewing a no-evidence summary judgment motion, we assume that all evidence favorable to the
non-movant is true and indulge every reasonable inference and resolve all doubts in
favor of the non-movant. Spradlin v. State, 100 S.W.3d 372, 377
(Tex.App.—Houston [1st Dist.] 2002, no pet.). Motion for Additional Time
          In his first issue, Aaron argues that the trial court erred in denying him an oral
hearing regarding his “Request for Additional Time to Submit Summary Judgment
Proof and Request for Oral Hearing” and on Magic’s no-evidence summary judgment
motion because this prevented him “from securing a record” and “[t]his is one of
those instances where the reporters’ record is necessary but unavailable.” In his
second issue, Aaron argues that the trial court erred in denying his “Request for
Additional Time to Submit Summary Judgment Proof and Request for Oral Hearing”
because this “prevented appellant from presenting facts that were essential in raising
genuine issues of material fact on the challenged elements.”
          First, we note that, in a summary judgment hearing, a reporter’s record is
“neither necessary nor appropriate to the purposes of such a hearing.” Schneider
Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264, 291 n.141 (Tex. 2004) (citing
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993)). 
Rule 166a expressly forbids the taking of oral testimony at a summary judgment
proceeding. Tex. R. Civ. P. 166a(c). Accordingly, there is no reason to create a
record of the hearing. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 677 (Tex. 1979) (stating that “[t]o permit ‘issues’ to be presented orally would
encourage parties to request that a court reporter record summary judgment hearings,
a practice neither necessary nor appropriate to the purposes of such a hearing”). 
Furthermore, the trial court can decide the motion for summary judgment on
submission, without an appearance by the parties before the court. Martin v. Martin,
Martin & Richards, 989 S.W.2d 357, 359 (Tex. 1998). Accordingly, Aaron was not
entitled to an oral hearing regarding Magic’s summary judgment motion. 
Additionally, we note that the record does not support the contention that any request
for oral hearing was expressly denied.
          Second, in regard to Aaron’s issue concerning his “Request for Additional
Time,” we note that Aaron has attached, as an appendix to his brief, his “Request for
Additional Time to Submit Summary Judgment Proof and Request for Oral Hearing,”
which indicates that it was filed on December 22, 2003. However, Aaron’s motion
was not included in the record of this case on appeal. 
          We cannot consider documents attached to an appellate brief that do not appear
in the record. Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.]
1999, no pet.). This Court must hear and determine a case on the record as filed and
may not consider documents attached as exhibits to briefs. Id. Moreover, a party
moving for a continuance of a summary judgment hearing must obtain the trial court’s
written ruling to preserve a complaint for appellate review. Washington v. Tyler
Indep. Sch. Dist., 932 S.W.2d 686, 690 (Tex. App.—Tyler 1996, no writ); Direkly v.
ARA Devcon, Inc., 866 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1993, writ
dism’d w.o.j.). Here, there is no evidence in the record that the trial court denied or
even ruled on Aaron’s “Request for Additional Time to Submit Summary Judgment
Proof and Request for Oral Hearing.” Because Aaron never obtained a ruling on his
“Request for Additional Time,” Aaron waived any error relating to the trial court’s
failure to continue the summary judgment hearing. Tex. R. App. P. 33.1(a). 
          We overrule Aaron’s first and second issues.
 
Premises Liability
          In his third and fourth issues, Aaron argues that the trial court erred in granting
Magic’s no-evidence summary judgment motion because the summary judgment
evidence filed by Aaron on December 31, 2003, raised genuine issues of material fact
on the elements of breach of duty, knowledge, and proximate cause and would enable
reasonable and fair-minded people to differ in their conclusions. In his fifth issue,
Aaron argues that the trial court erred in granting Magic’s summary judgment motion
because the court did not assume that all of Aaron’s proof was true, did not indulge
every reasonable inference in his favor, and did not resolve all doubts about the
existence of a genuine issue of material fact against Magic. 
          We note, initially, that Magic asserts that the trial court did not abuse its
discretion in granting Magic’s no-evidence summary judgment motion on December
31, 2003, because Aaron presented no summary judgment evidence at the December
22, 2003 hearing and subsequently did not file an affidavit explaining the need for
additional time, a verified motion for continuance, or a motion for leave of court to
file late evidence. Magic further asserts that “the only evidence that [Aaron] did
submit to support his allegations was filed after the deadline imposed by the court for
the filing of such affidavit.” 
          The record shows that Aaron filed his summary judgment evidence, which
consisted of his own affidavit and his medical records, on the same day that the trial
court signed the order granting Magic’s motion for summary judgment. If a party
files late summary judgment evidence, and no order appears in the record granting
leave to file, the evidence will not be considered as being before the court. See
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996). Here, there is no
indication in the record that the trial court granted leave to Aaron to file his late
summary judgment evidence. Thus, the trial court was within its discretion to
disallow late-filed summary judgment evidence. See Tex. R. Civ. P. 166a;
Benchmark Bank, 919 S.W.2d at 663. On appeal, we are not to consider as grounds
for reversal of a summary judgment issues not expressly presented to the trial court
by written motion, answer or other response. Tex. R. Civ. P. 166a(c); Cook-Pizzi v.
Van Waters & Rogers, Inc., 94 S.W.3d 636, 643 (Tex. App.—Amarillo 2002, pet.
denied).
          However, even assuming that the trial court considered Aaron’s late-filed
summary judgment evidence, we conclude that Aaron did not raise a genuine issue
of material fact regarding Magic’s actual or constructive knowledge of the alleged
defects. In a premises liability case, the duty owed to the plaintiff depends on the
plaintiff’s status at the time of the incident. M.O. Dental Lab v. Rape, 139 S.W.3d
671, 675 (Tex. 2004). Here, neither party disputes that Aaron was Magic’s invitee
at the time of his injury. To prevail on a premises liability claim, a plaintiff-invitee
must prove that (1) the land owner or occupier had actual or constructive knowledge
of some condition on the premises, (2) the condition posed an unreasonable risk of
harm, (3) the land owner or occupier failed to exercise reasonable care to reduce or
eliminate the risk, and (4) the land owner’s or occupier’s failure to use such care
proximately caused the plaintiff’s injuries. Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d
1, 3 (Tex. 1996); Restatement (Second) of Torts § 343 (1965). This duty,
however, neither made Magic an insurer of Aaron’s safety, nor did it make Magic
strictly liable for his injuries. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934,
936 (Tex. 1998).
          Aaron contends that “Magic’s response to [a] request for production wherein
Magic admits that it is the possessor of the movie theatre is clear evidence that Magic
had knowledge that the floor lights were not on in the theatre.” Aaron asserts that a
plaintiff may establish that a land owner or possessor had actual or constructive
knowledge of some condition on the premises by showing that the land owner or
possessor caused or created the condition. Aaron further asserts that “[o]nly the
possessor or owner of the property would have had such control over the lighting
system.” In his affidavit, Aaron testified, in relevant part:
As I proceeded to go to my seat, I tripped on the step and began to fall. 
As I began to fall, I reached out hoping to find something to break my
fall. However, there was nothing there. I was not able to see the steps
as I approached because there were no visible lights on the steps. I
could not determine where the steps began because of lack of
lighting. . . .  I am certain that if there had been lights on the steps while
I was walking, I would have been able to identify where the steps began.
          The threshold issue in a premises liability claim is whether the defendant had
actual or constructive notice of the allegedly dangerous condition. Motel 6 G.P., Inc.,
929 S.W.2d at 3. An invitee must show that a land owner or occupier knew, or after
a reasonable inspection should have known, of an unreasonably dangerous condition. 
Id. at 3–4; see also Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex. 1983). 
The fact that the owner or occupier of a premises created a condition that posed an
unreasonable risk of harm may support an inference of knowledge. See Keetch v.
Kroger Co., 845 S.W.2d 262, 265 (Tex. 1992). Even with such an inference of
knowledge, it still must be shown that the owner or occupier knew or should have
known of the condition. Id. Furthermore, constructive knowledge can also be
established by showing that the condition existed long enough for the owner or
occupier to have discovered it upon reasonable inspection. CMH Homes, Inc. v.
Daenen, 15 S.W.3d 97, 101 (Tex. 2000). 
          Contrary to Aaron’s assertion, the fact that Magic possessed or controlled the
movie theatre does not itself raise a scintilla of evidence that Magic had actual or
constructive knowledge of the alleged defects. A premises owner or occupier is not
strictly liable for defects on its premises. Daenen, 15 S.W.3d at 101. As noted, in
order for an invitee to prevail on a premises liability claim, it must be shown that a
land owner or occupier had actual or constructive notice of the allegedly dangerous
condition. Motel 6 G.P., Inc., 929 S.W.2d at 3. Thus, it follows that mere possession
or control of the premises is not enough to hold a land owner or occupier liable for
an allegedly dangerous condition on the premises. See id.
          Furthermore, Aaron’s affidavit testimony and his medical records do not give
rise to a fact issue regarding Magic’s actual or constructive knowledge of the
allegedly defective lighting. A statement of subjective belief, which is not supported
by other summary judgment proof, is not sufficient to negate a summary judgment. 
See Rizkallah v. Conner, 952 S.W.2d 580, 586 (Tex. App.—Houston [1st Dist.] 1997,
no writ). Similarly, a “naked and unsupported opinion or conclusion of a witness
does not constitute evidence of probative force.” Coastal Transp. Co. v. Crown Cent.
Petroleum, 136 S.W.3d 227, 232 (Tex. 2004) (citation omitted). Aaron’s own
observations of the alleged lack of lighting do not raise a fact issue regarding whether
Magic knew or should have known after a reasonable inspection about any defective
lighting. 
          Aaron also asserts that Magic had knowledge of the alleged defects under a
“claim of res ipsa loquitur.” The doctrine of res ipsa loquitur is used in certain
limited types of cases where circumstances surrounding an accident constitute
sufficient evidence of the defendant’s negligence to support such a finding. Haddock
v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990). It merely permits an inference of
negligence upon circumstantial evidence of negligence. Lampasas v. Spring Ctr.,
Inc., 988 S.W.2d 428, 435 (Tex. App.—Houston [14th Dist.] 1995, no pet.). The
doctrine does not apply to support a finding of Magic’s actual or constructive
knowledge of the alleged defects in this premises liability case.
          The evidence offered by Aaron to prove that Magic either knew or by the
exercise of reasonable care should have discovered the allegedly defective condition
is so weak as to do no more than create a surmise or suspicion of its existence. 
Because Aaron did not produce more than a scintilla of evidence establishing that
Magic had actual or constructive knowledge of the alleged defects, we hold that
Aaron did not raise a fact issue regarding one of the elements of his premises liability
claim. Accordingly, we further hold that the trial court did not err in granting
Magic’s no-evidence summary judgment motion in regard to Aaron’s premises
liability claim.
          We overrule Aaron’s third, fourth, and fifth issues. 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.