**DISMISS; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00428-CV

### MALCOLM W. PIPES, Appellant
### V.
### D. SCOTT HEMINGWAY D/B/A LAW OFFICES OF D. SCOTT HEMINGWAY, GREG BENDER, SJS HOLDINGS, LLC, FOI GROUP, LLC, RED RIVER FIBER OPTIC CORPORATION, AND CARL L. GOODZEIT, Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-15952-J**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Appellant Malcolm W. Pipes appeals from a trial court's dismissal of his claims. Appellees contend Pipes abandoned his claims. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude appellant abandoned all of his claims, and we dismiss this appeal.

This case began as an employer-employee dispute. Pipes is an attorney who brought this conversion suit against his former employer, D. Scott Hemingway d/b/a the Law Offices of D. Scott Hemingway (the "Law Offices") and the firm's clients, Greg Bender, SJS Holdings, LLC ("SJS"), FOI Group, LLC ("FOI"), Red River Fiber Optic Corp. ("Red River"), Carl L.

Goodzeit, and Tewari De–Ox Systems, Inc. ("Tewari").[1] During the proceedings, all defendants filed a motion for summary judgment and for attorney fees which the trial court granted for all defendants, except defendant SJS, on October 31, 2012. Pipes filed an amended petition on February 7, 2013, which omitted all defendants in this action except defendant SJS. On February 13, 2013, defendant SJS filed a motion to dismiss, which the trial court granted with prejudice on March 1, 2013. On March 29, 2013, Pipes filed his notice of appeal.

On June 13, 2013, Pipes filed his appeal to this Court naming all defendants below and claiming the trial court erred by dismissing his claims for conversion of wages. On July 3, 2013, Pipes filed a letter with this Court stating,

> To the extent that it was not clear in the brief of Appellant, Malcolm Pipes, filed on June 13, 2013, Mr. Pipes is not appealing the dismissal of claims as against SJS Holdings, LLC in the trial court. Please contact me if there are any questions regarding this matter.

Appellees responded to Pipes' appeal on July 11, 2013, by filing a motion to dismiss the appeal as well as an appellate response brief filed on July 13, 2013.

We begin by addressing appellees' motion to dismiss the appeal. Pipes' single issue in this appeal specifically complains, in a two-page argument, that a question of material fact existed when the trial court granted the summary judgment on October 31, 2012. Appellees argue Pipes cannot complain of the granting of the summary judgment in favor of Hemingway, the Law Offices, Bender, FOI, Red River, and Goodzeit because Pipes has abandoned all claims against all parties. An amended pleading supercedes and supplants all previous pleadings. TEX. R. CIV. P. 65. Therefore, when Pipes filed his February 7, 2013, amended petition, omitting all defendants except for SJS, he effectively abandoned his cause of action against those parties. *See*

---

[1] This suit was initially before this Court when the trial court granted summary judgment in favor of the defendants below. *See Pipes v. Hemingway et al.*, 358 S.W.3d 438, 450 (Tex. App.—Dallas 2012, no pet.). We affirmed in part, reversed, and remanded the case for further proceedings which Pipes now appeals.

*FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008) (filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed.); *Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 444 (Tex. App.—Dallas 2011, no pet.) (the omission of claims against a party in a petition operates as a voluntary dismissal of the party from the lawsuit); *see also Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). Had Pipes filed a supplemental pleading, instead of an amended pleading, his claims against these defendants would have been preserved. *Radelow-Gittens*, 735 S.W.2d at 560. Therefore, we conclude Pipes waived error, if any, by the trial court in rendering the summary judgment for Hemingway, the Law Offices, Bender, FOI, Red River, and Goodzeit and, consequently waived his right to appeal against those parties.

When Pipes filed his notice of appeal, SJS was the only remaining defendant below. The letter filed in this Court by Pipes on July 3, 2013, makes it clear that Pipes has waived his right to appeal against SJS as well.

Therefore, we conclude Pipes has abandoned his claim against all parties and consequently waived his right to appeal. This appeal is dismissed.

/David Lewis/
DAVID LEWIS
JUSTICE

130428F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MALCOLM W. PIPES, Appellant

No. 05-13-00428-CV     V.

D. SCOTT HEMINGWAY D/B/A LAW
OFFICES OF D. SCOTT HEMINGWAY,
GREG BENDER, SJS HOLDINGS, LLC,
FOI GROUP, LLC, RED RIVER FIBER
OPTIC CORPORATION, AND CARL L.
GOODZEIT, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-15952-J.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**DISMISSED**.

It is **ORDERED** that appellees D. SCOTT HEMINGWAY D/B/A LAW OFFICES OF
D. SCOTT HEMINGWAY, GREG BENDER, SJS HOLDINGS, LLC, FOI GROUP, LLC, RED
RIVER FIBER OPTIC CORPORATION, AND CARL L. GOODZEIT recover their costs of this
appeal from appellant MALCOLM W. PIPES.

Judgment entered this 14th day of April, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE