# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2019

Lyle W. Cayce
Clerk

STEVE ELIAS, also known as Steve Wainshtok, doing business as Magic Locksmith,

      Plaintiff - Appellant

v.

ELIRAN PILO,

      Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-586

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    Steve Elias operates a locksmithing business under the name Magic Locksmith. He alleges that Eliran Pilo was unjustly enriched at his expense when Pilo began offering locksmithing services through the website magiclocksmith.net. The district court dismissed Elias's complaint for failure to state a claim. We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11553

I.

Steve Elias has operated a licensed locksmithing business known as Magic Locksmith in Los Angeles, California since November 2004. He alleges that he has amassed common law rights to the mark Magic Locksmith through his continuous use of the mark to register and market his business and provide locksmithing services. Pertinent to this appeal, in February 2008 Elias created a website with the domain name magiclockandkey.com. Elias has prominently displayed the Magic Locksmith mark on this website.

Elias alleges that, in August 2016, Eliran Pilo, a Texas resident, registered and began using the domain magiclocksmith.net. He claims that Pilo's use of a domain name identical to his mark to offer locksmithing services over the internet is likely to cause confusion. Elias points to three negative reviews on his Yelp[1] page from customers who claimed to have been deceived as evidence that Pilo's use of the domain has created actual confusion. Each review alleged that the technician who arrived charged higher prices than stated in the website. One of those reviews listed the magiclocksmith.net domain, calling the site "a fraud" and a "hoax."

On January 5, 2017, Elias filed an arbitration claim against "Magic Locksmith"[2] concerning the magiclocksmith.net domain. Elias alleged that the domain name was confusingly similar to his Magic Locksmith mark; that Magic Locksmith did not have any right or legitimate interest in the magiclocksmith.net domain; and that Magic Locksmith registered the domain in bad faith. Magic Locksmith did not respond and therefore the arbitration panel decided the case on the basis of Elias's complaint, accepting his

---

[1] Yelp is a website which allows individuals to post reviews of businesses.

[2] In the arbitration proceeding, Magic Locksmith refers to the business Pilo allegedly operated rather than Elias's business or his mark.

No. 18-11553

reasonable allegations and inferences as true, and found in his favor. On February 16, 2017, the panel ordered that the domain magiclocksmith.net be transferred to Elias.

Elias alleges that he discovered Pilos's identity after uncovering a telephone number traced to him in the registration information of magiclocksmith.net. While Elias discovered Pilos's identity on January 10, 2017, five days after filing the arbitration claim, Pilos was never named as a party in the arbitration and did not participate in the proceedings.

Elias initially commenced this action in Texas state court. Pilo removed the case to federal court, at which point Elias filed an amended complaint. The amended complaint stated five causes of action: theft of property, conversion of property, trespass to personal property, unjust enrichment, and trade secret misappropriation. Pilo moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court granted Pilo's motion and dismissed Elias's claims with prejudice. Elias timely appealed.

## II.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Rios v. City of Del Rio*, 444 F.3d 417, 420 (5th Cir. 2006). To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

No. 18-11553

III.

On appeal, Elias advances only one argument: that he sufficiently pled a claim of unjust enrichment. This is the only claim which Elias has preserved for review. He has waived his claims for theft of property, conversion of property, trespass to personal property, and trade secret misappropriation. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008).

For the purposes of this appeal, we will assume that unjust enrichment is an independent cause of action under Texas law.[3] "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Elias's unjust enrichment theory can be summed up as follows. Piro set up a domain, magiclocksmith.net, that was confusingly similar to Elias's Magic Locksmith mark, in which he had common law rights. According to the arbitrator's findings, which Elias attached to his complaint, the magiclocksmith.net domain was registered in bad faith. Pilo's bad faith in setting up the magiclocksmith.net domain constituted undue advantage. By

---

[3] Courts of appeals in Texas appear split on whether unjust enrichment is an independent cause of action. *Compare Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 742 (Tex. App.-Texarkana 2017) (treating unjust enrichment as an independent cause of action), *and Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.-Houston 2007) ("Unjust enrichment is an independent cause of action."), *with Spellmann v. Love*, 534 S.W.3d 685, 693 (Tex. App.-Corpus Christi-Edinburg 2017) ("[C]ause of action for unjust enrichment . . . fails as a matter of law because it is not an independent cause of action."), *and R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App.-Waco 2008) ("Unjust enrichment, itself, is not an independent cause of action."). Although the Texas Supreme Court has referred to a "cause of action" or "claims" of unjust enrichment, it appears to have not yet resolved whether unjust enrichment is an independent cause of action or a "theory of liability that a plaintiff can pursue through several equitable causes of action." *Hancock v. Chicago Title Ins. Co.*, 635 F.Supp.2d 539, 560 (N.D. Tex. 2009); *see Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000) ("Unjust enrichment claims are based on quasi-contract); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998) ("The third cause of action . . . was unjust enrichment."). We need not resolve this issue today.

using the confusingly similar domain name, Pilo wrongfully deprived Elias of business without compensation.  And, according to the Yelp reviews included in Elias's complaint, customers were overcharged when they procured locksmithing services through magiclocksmith.net.  But Elias does not allege that he suffered a specific loss.

Elias has failed to state a claim for unjust enrichment.  Although Elias has alleged that Pilo wrongfully used his mark and overcharged customers who procured locksmith services from magiclocksmith.net, he has not alleged that he was deprived of or is entitled to any of the compensation Pilo received from the website.  We cannot infer, from the facts alleged in the complaint, that customers who used magiclocksmith.net would have instead purchased their locksmithing services from Elias (especially when Elias is in California and Pilo in Texas).  Also absent are any allegations, except for the findings of an arbitrator in an uncontested proceeding, that Pilo was aware of Elias's mark when he created the magiclocksmith.net domain.  The Texas Supreme Court has cautioned that "[u]njust enrichment is not a proper remedy merely because it 'might appear expedient or generally fair that some recompense be afforded for an unfortunate loss' to the claimant." *Heldenfels Bros.*, 832 S.W.2d at 42 (quoting *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex. App.-Austin 1987)).  While it may be completely inappropriate that Pilo's domain was similar to Elias's mark, and regrettable that Pilo's misuse of the mark resulted in unwarranted negative reviews on Elias's Yelp page, Elias has failed to cite any authority suggesting that unjust enrichment is a proper remedy in this situation.  Put concisely, the complaint fails to plausibly state that Pilo "has obtained a benefit from" Elias.  *Heldenfels Bros.*, 832 S.W.2d at 41.  The judgment of the district court is therefore

AFFIRMED.