# Supreme Court of Texas

No. 24-0366

In the Estate of Billy Wayne Phillips, Deceased

On Petition for Review from the
Court of Appeals for the Sixth District of Texas

**PER CURIAM**

When a trial court grants special exceptions and strikes claims from a plaintiff's petition, does the plaintiff waive her right to challenge that ruling on appeal if she later files an amended petition that omits the claims? We hold that the answer is no: the plaintiff preserved her complaint by obtaining an adverse ruling, she was required to comply with that ruling in continuing to litigate her case, and it was unnecessary for her to make a formal exception to that ruling when she filed her amended petition. *See* TEX. R. APP. P. 33.1(a), (c). Because the court of appeals held otherwise, we reverse and remand for that court to consider the merits of the appeal.

**BACKGROUND**

Billy Wayne Phillips devised his estate to his daughters Sheila Smith and Billie Hudson, including a tract of land on which both daughters lived. The trial court admitted his will to probate and

appointed Smith as independent executor. When Smith sought to sell the tract, Hudson filed a petition in intervention seeking a partition in kind under various theories, including claims under Chapters 23 and 23A of the Property Code. After the trial court dismissed the Chapter 23A claim under Texas Rule of Civil Procedure 91a, Hudson filed an amended petition that repleaded both partition claims and alleged additional facts.

Smith then filed special exceptions seeking to strike these two partition claims, which the trial court granted. The trial court's order directed Hudson to file another amended petition that included only other claims against Smith in her executor capacity. Hudson complied. In her new amended petition, Hudson stated that she "do[es] not waive or release any . . . causes of action" and she "reserve[s] the right to re-assert / re-plead causes of action that have been dismissed by [the trial court] *without* prejudice, and/or causes of action that a court of appeals may determine were wrongly dismissed by the trial court."

The trial court eventually signed an order authorizing Smith to sell the property. Hudson appealed, challenging the sale order as well as the order striking her partition claims. A divided court of appeals affirmed, holding that Hudson abandoned the partition claims by omitting them from her live amended petition, which superseded her prior petitions. *See* ___ S.W.3d ___, 2024 WL 484779, at *2-3 (Tex. App.—Texarkana Feb. 8, 2024). The court concluded that the reservation language in her petition did not apply to the partition claims because they were stricken with prejudice. *See id.* at *3. Hudson petitioned for review.

ANALYSIS

In Texas pleading practice, "amended pleadings and their contents take the place of prior pleadings." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008).[1] Thus, as a general rule, "any claim not carried forward in an amended pleading is deemed dismissed." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018); *see also Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 n.7 (Tex. 2022); *FKM*, 255 S.W.3d at 632.[2]

We have recognized possible exceptions to this rule. *See FKM*, 255 S.W.3d at 633. For example, when a plaintiff files an amended petition omitting a claim that the trial court previously ruled against but indicating an intent not to abandon the claim, the plaintiff does not waive its ability to complain of that ruling on appeal. *See id.* (citing *Ortiz v. Collins*, 203 S.W.3d 414, 421 n.4 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Several of our courts of appeals have applied this exception.[3]

---

[1] *See* TEX. R. CIV. P. 65 (providing that "the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause," with certain exceptions); 7 William V. Dorsaneo III, TEXAS LITIGATION GUIDE § 111.02[10] (2024).

[2] Supplemental pleadings, in contrast, do not supersede prior pleadings. *See* TEX. R. CIV. P. 69.

[3] *See, e.g.*, *Spellmann v. Love*, 534 S.W.3d 685, 690-91 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) (looking to the pleader's intent to determine whether amended pleading abandoned claim that trial court previously ruled against); *Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ) (same); *In re Est. of Stegall*, No. 02-17-00410-CV, 2019 WL 6205244, at *9 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (same).

Here, Hudson's amended petition expressly reserved the right to reassert "causes of action that a court of appeals may determine were wrongly dismissed by the trial court." The court of appeals majority apparently overlooked this language in holding that the exception did not apply; it focused on another part of Hudson's reservation that mentioned causes of action dismissed without prejudice and explained that the partition claims were dismissed with prejudice. *See* 2024 WL 484779 at *3.

But there is an even more basic reason why Hudson did not waive her complaint by omitting the two partition claims from her amended petition: she did so in compliance with a contested order striking those claims. The court of appeals majority viewed Hudson's adherence to the trial court's order as a manifestation of intent to abandon the stricken claims. *See id.* That was error.

As detailed above, Hudson opposed the special exceptions to her partition claims and received an adverse ruling striking those claims,[4] which preserved her complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). "From that point forward," she was required to "adhere to the trial court's order . . . whether [she] agree[d] with the order or not." *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 396 n.22 (Tex. 2020). "[N]either our procedural rules nor this Court's decisions require a party that has obtained an adverse ruling from the trial court to take the further step of objecting to that ruling to

---

[4] In some cases, a trial court's order granting special exceptions may give the pleader an opportunity to amend to cure deficiencies. If the pleader elects not to do so, our ruling today does not address whether any complaint about the trial court's special exceptions ruling would be preserved.

4

preserve it for appellate review." *Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022); *see* TEX. R. APP. P. 33.1(c) (providing that "a formal exception to a trial court ruling" is not "required to preserve a complaint for appeal"). "If simply adhering to an adverse order while continuing to litigate waived review of that order on appeal from a final judgment, there would be few orders left to review." *Bonsmara*, 603 S.W.3d at 396 n.22.

Rule 65 instructs courts to apply these principles in the amended pleadings context. After stating the general rule that prior pleadings "shall no longer be regarded as part of the pleading," it adds "unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of." TEX. R. CIV. P. 65. That is precisely what Hudson complains of here: the trial court's asserted error in striking part of her pleading and deciding that amendment was necessary. The court of appeals erred in failing to address her complaint on the merits.

## CONCLUSION

Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the court of appeals for further proceedings. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** November 1, 2024